NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

IMMANUEL C. WILLIAMS, *Appellant*.

No. 1 CA-CR 18-0750
FILED 10-8-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-159877-001
The Honorable Julie Ann Mata, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Maria Elena Cruz and Vice Chief Judge Kent E. Cattani joined.

**J O N E S**, Judge:

**¶1**        Immanuel Williams appeals his convictions and sentences for possession of dangerous drugs and possession of drug paraphernalia, arguing the prosecutor committed misconduct by arguing facts not in evidence to the jury during closing arguments. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        On December 28, 2017, a Phoenix Police Department (PPD) officer searched Williams following his arrest for an unrelated crime.[1] The officer placed all of Williams' belongings inside a clear PPD property bag, then gave the property bag to a second officer, who handed it to a third officer who was in charge of the investigation. The third officer found eight baggies of methamphetamine with Williams' belongings.

**¶3**        A jury convicted Williams of one count each of possession of dangerous drugs and possession of drug paraphernalia. After determining Williams had two prior historical felony convictions, the trial court sentenced him as a non-dangerous, repetitive offender to concurrent, presumptive terms of imprisonment, the longest being ten years. Williams timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

### DISCUSSION

**¶4**        Williams argues the prosecutor committed misconduct by referencing facts not in evidence during his closing — namely that the methamphetamine was found in Williams' pockets. Because Williams failed to object during trial, we review for fundamental error. *State v. Goudeau*, 239 Ariz. 421, 466, ¶ 196 (2016). "To prevail under this standard

---

[1]     "We view the facts in the light most favorable to sustaining the verdict[s]." *State v. Payne*, 233 Ariz. 484, 496, ¶ 1, n.1 (2013) (quoting *State v. Dann*, 205 Ariz. 557, 562, ¶ 2 (2003)).

of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005) (citations omitted).

**¶5** Prosecutors are given "wide latitude" in presenting closing argument to the jury and "may summarize the evidence, make submittals to the jury, urge the jury to draw reasonable inferences from the evidence, and suggest ultimate conclusions." *Goudeau*, 239 Ariz. at 466, ¶ 196 (quoting *State v. Bible*, 175 Ariz. 549, 602 (1993)). In determining whether an argument constitutes misconduct, we first consider "whether the prosecutor's statements called to the jury's attention matters it should not have considered in reaching its decision." *Id.* (quoting *State v. Nelson*, 229 Ariz. 180, 189, ¶ 39 (2012)).

**¶6** Williams fails to prove misconduct occurred. The first officer testified he believed he had removed all of the belongings retrieved from the search incident to Williams' arrest from Williams' front pants pockets. Although the PPD property bag was handed off from one officer to another, there was no evidence that anyone tampered with or added additional items to the bag before its contents, including eight baggies of methamphetamine, were inventoried. The evidence supports an inference that Williams had methamphetamine in his pockets, and we find no error, let alone fundamental error.

**CONCLUSION**

**¶7** Williams' convictions and sentences are affirmed.

